IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD SATISH EMRIT                                                                                    PLAINTIFF

v.                                                  CIVIL NO. 24-5056

SEAN "P. DIDDY" COMBS; BAD
BOY ENTERTAINMENT; and
ATLANTIC RECORDS                                                                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 8, 2024, Plaintiff, Ronald Satish Emrit ("Emrit"), a resident of Sarasota, Florida, commenced this action pursuant to 28 U.S.C. § 2271. (ECF No. 2). Emrit proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provision of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brook, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2).

**I.   Background**

In this action, Emrit names as Defendants Sean "P. Diddy" Combs ("Combs"), Bad Boy Entertainment, and Atlantic Records. (ECF No. 1, p. 1). He seeks $45 million in damages because "defendants have become a public nuisance after the filing of a lawsuit by Cassandra Ventura…who was signed to Bad Boy Entertainment on or around 2005." *Id*. at 2. He also contends the Defendants tortiously interfered with his music career, as well as those of Ventura and others including Usher Raymond and 50 Cent. *Id*. Finally, he asserts that they have "committed the commercial tort of products liability in the form of a manufacturing defect or design defect" to which strict liability applied. *Id*. Emrit invokes the Court's subject matter

jurisdiction based on diversity of citizenship, although he does not provide any allegations about the citizenship of the named Defendants and asserts federal question jurisdiction "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." *Id*. at 3-4.

Emrit alleges that he filed a prior lawsuit against Atlantic Records because it had a duty to know that a person named Richard Shaw and his partner Anthony Wayne Sterago were fraudulently claiming to be connected to Atlantic's founders, Ahmet Ertegun and Ertegun's nephew. *Id*. Emrit met Ertegun at the 2006 Grammy Awards and later wrote him a letter about Shaw and Sterago. *Id*. at 4-5. Ertegun's assistant called Emrit to tell him that Atlantic passed on his demo CD and encouraged him to sign a record deal with another company. *Id*. Emrit allegedly signed with Ten Karat Gold Productions and Tuff-Stuff Recording and came to know a person named Kerry Moore-Purnell in the Maryland Department of Business and Economic Development, who also worked for Richard Shaw. *Id*. According to Emrit, Shaw and Ertegun both mysteriously died thereafter. *Id*. He asserts that although communications with Ertegun has "little or nothing to do with Sean 'P. Diddy' Combs and Bad Boy Entertainment he still has standing, causation, and redressability to file a lawsuit against both Sean 'P. Diddy' Combs and Bad Boy Entertainment because both Sean 'P. Diddy' Combs and Bad Boy Entertainment are in 'privity of contract' with Atlantic Records and Julie Greenwald and [Emrit] has had previous litigation against both Atlantic Records…and Warner Music Group…" *Id*. at 6.

Emrit's "public nuisance" claim against Combs is based on an allegedly now lost endorsement deal Combs had with Macy's to distribute Ciroc vodka. *Id*. He asserts that Combs' billboards for Ciroc vodka "on the street an [sic] highways are an 'eye sore' and public nuisance

2

given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, kidnapping, false imprisonment, and white slavery of a Latina woman in North Carolina according to the hearsay testimony of his bodyguard Gene Deal who should be placed in the witness protection program." *Id*. The tortious interference claim is based on the named Defendants "continuing to enable a sexual predator," Combs, "to conduct business in places of public accommodation such as billboards." *Id*. The products' liability claim is apparently based on allowing Combs to represent Ciroc vodka at department stores like Macy's but is otherwise incomprehensible. *Id*. at 7. Emrit concedes that he is not a shareholder of either Bad Boy Entertainment or Atlantic Records, who can bring a shareholder derivative action, but may still assert his claims "given that he is a consumer of music and music videos and he often operates a motor a motor vehicle on highways in which he sees the annoying billboards…for Ciroc vodka which encourages drunk driving…" *Id*. Emrit also asserts he has standing to bring suit "as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having ant[sic] influence over the music business or recording artists…" *Id*. at 8. In addition to money damages, Emrit also seeks an order putting Bad Boy Entertainment into bankruptcy or receivership proceedings. *Id*.

Emrit's case in this Court was opened on March 8, 2024. A review of publicly available records from other federal courts reveals that, to date, Emrit has filed the identical complaint in at least three other federal districts. *See Emrit v. Combs*, Civ. A. 24-129 (Ed. Pa.), *Emrit v. Combs*, Civ. A. No. 24-89 (D. Md.), and *Emrit v. Combs*, Civ. A. No. 24-7 (N.D. Fl.). The Pennsylvania case was filed on January 8, 2024, along with an application to proceed *in forma pauperis*. The Maryland case was filed on January 9, 2024, along with an application to proceed *in forma*

3

*pauperis*. The Florida case was filed on January 10, 2024, along with an application an application to proceed *in forma pauperis*.

## II. Applicable Standard

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. Discussion

As noted above, Plaintiff filed a prior action against Combs, Bad Boy Entertainment, and Atlantic Records alleging the same facts and cause of action in another district. *See Emrit v. Combs*, Civ. A. 24-129 (Ed. Pa.). The prior action was dismissed as frivolous and for failure to

state a claim under the IFP statute. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

While a dismissal under the IFP statute does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a dismissal under the IFP statute has res judicata effect on frivolousness determinations for future IFP petitions. *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*quoting Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992)). Accordingly, the dismissal under the IFP statute of Emrit's claims [against Combs, Bad Boy Entertainment and Atlantic records] in the Eastern District of Pennsylvania has res judicata effect and establishes that [his] second, identical claim is frivolous for purposes of the IFP statute. *Waller*, 38 F.3d at 1008.

### IV.     Conclusion

For these reasons, it is recommended that this case be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2) based on res judicata.

**Status of Referral:   Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 1st day of April 2024.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE